IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LUTHER M. JONES,

    Plaintiff,

v.                                                               Civil Action No. **3:14CV751**

**GERALD WASHINGTON,** *et al.*,

    Defendants.

**MEMORANDUM OPINION**

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not... without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

By Memorandum Order entered on March 19, 2015, the Court informed Plaintiff that the allegations in his Complaint failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, the Court directed Plaintiff to file a particularized complaint strictly in conformance with the directions provided by the Court. On April 6, 2015, Plaintiff filed a particularized complaint. (ECF No. 12.) Plaintiff's Particularized Complaint failed to conform to the Court directions. Specifically, Plaintiff failed to provide a list of the defendants and provide a coherent statement of the facts that supports

each of his claims for relief. For example, Plaintiff seeks to hold "Ex Warden Gerald Washington" liable, because he allegedly "helped in the poisoning of [Plaintiff] while at his institution." (Part. Comp. 9 (capitalization corrected).) Such conclusory allegations cannot support a claim for relief. Rather, Plaintiff must supply concrete facts that plausibly suggest that Plaintiff was in fact poisoned, and that Defendant Washington personally participated in that tort. Accordingly, by Memorandum Order entered on October 1, 2015, the Court directed Plaintiff, within fourteen (14) days of the date of entry thereof, to file an appropriate particularized complaint in accordance with the Court's directions. The Court warned Plaintiff that the failure to comply with the Court's directions would result in the dismissal of the action.

More than fourteen (14) days have elapsed since the entry of the October 1, 2015 Memorandum Order and Plaintiff has not responded. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

Date: 11/30/15
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge