**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**LUTHER M. JONES,**

Plaintiff,

v. Civil Action No. **3:14CV751**

**GERALD WASHINGTON, *et al.*,**

Defendants.

**MEMORANDUM OPINION**

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

By Memorandum Order entered on March 19, 2015, the Court informed Plaintiff that the allegations in his Complaint failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, the Court directed Plaintiff to file a particularized complaint strictly in conformance with the directions provided by the Court. On April 6, 2015, Plaintiff filed a particularized complaint. (ECF No. 12.) Plaintiff's Particularized Complaint failed to conform to the Court directions. Specifically, Plaintiff failed to provide a list of the defendants and provide a coherent statement of the facts that supports

each of his claims for relief. For example, Plaintiff sought to hold "Ex Warden Gerald Washington" liable, because he allegedly "helped in the poisoning of [Plaintiff] while at his institution." (Part. Comp. 9 (capitalization corrected).) Such conclusory allegations cannot support a claim for relief. The Court explained that Plaintiff must supply concrete facts that plausibly suggest that Plaintiff was in fact poisoned, and that Defendant Washington personally participated in that tort. Accordingly, by Memorandum Order entered on October 1, 2015, the Court directed Plaintiff, within fourteen (14) days of the date of entry thereof, to file an appropriate particularized complaint in accordance with the Court's directions. The Court warned Plaintiff that the failure to comply with the Court's directions would result in the dismissal of the action.

More than fourteen (14) days have elapsed and Plaintiff had not responded. Accordingly, by Memorandum Opinion and Order entered on November 30, 2015 the Court dismissed the action without prejudice.

On December 11, 2015, the Court received from Jones a Particularized Complaint (ECF No. 24) and two letters (ECF No. 23, 25). In his letter, Jones states, "I apologize for my tardiness, but it wasn't my fault. . . . These people created a crime syndicate and getting away with it. I got this poison in my system. This stuff a unique poison, if I tried to explain to you what it [has] done to my body and continue to do so you believe me." (ECF No. 23, at 1.) The Court will treat Jones's submissions (ECF Nos. 23–25) as a Motion under Federal Rule Civil Procedure 59(e).

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v.*

*Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Jones fails to demonstrate any basis for relief under Rule 59(e). At best, Jones suggests that relief is warranted because it would be manifestly unjust to dismiss the action because it was not his fault he was late in filing his Particularized Complaint. However, he fails to provide any concrete facts excusing his failure to comply in a timely manner with the Court's October 1, 2015 Memorandum Order. Moreover, Jones's most recent Particularized Complaint (ECF No. 24) contains many of the same deficiencies that marked his prior submissions. Specifically, Jones's Particularized Complaint consists of a disjointed fantastical account of how his attorneys and ex-business partner took out a contract to kill Jones and his parents. (ECF No. 24, ¶ 5 (capitalization, spelling, and punctuation corrected) ("Turns out the attorneys along with my ex-business partner took a contract out on me and fill the prior contract on my other parents and relatives. When I filed complaints . . . to file charges against Defendants that killed my parents [they] had me poisoned . . . ."). As the new Particularized Complaint is factually frivolous, the Rule 59(e) Motion (ECF Nos. 23–25) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 2/17/16
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge